UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 26-05040-KK-DTBx** | Date: | June 22, 2026 |
| Title: | ***Donald Lyons et al. v. McLane Foodservice, Inc. et al.*** | | |

Present: The Honorable    KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(In Chambers) Order DENYING Plaintiffs' Motion to Remand [Dkt. 13] and DENYING Application to Appear Remotely as MOOT [Dkt. 16]**

## I.
## INTRODUCTION

On February 28, 2025, plaintiffs Donald Lyons, Jose Rea, Israel Medina, Israel Jimenez Jr., and Robert Lewis (collectively, "Lyons Plaintiffs") filed a putative Class Action Complaint against defendants McLane Foodservice, Inc. ("MFI") and McLane Company, Inc. in the Los Angeles County Superior Court, alleging violations of California labor laws.  ECF Docket No. ("Dkt.") 4-2, Appendix ("App.") at 85-104, Ex. 35, Complaint ("Compl.").  On April 6, 2026, the Los Angeles County Superior Court consolidated Lyons Plaintiffs' action with a related case brought by plaintiffs Jordan Orozco Madero and Esteban Orosco (together, "Madero Plaintiffs"), and granted Lyons Plaintiffs and Madero Plaintiffs (collectively, "Plaintiffs") leave to file a Consolidated First Amended Class and Representative Action Complaint ("FAC").  App. at 524-29.

On April 7, 2026, Plaintiffs filed the operative FAC against defendants MFI and McLane Suneast, Inc. (together, "Defendants") in the Los Angeles County Superior Court.  App. at 621-44, Ex. 68, FAC.  On May 11, 2026, Defendants removed the consolidated action to this Court.  Dkt. 1, Notice of Removal ("NOR").  On May 27, 2026, Plaintiffs filed the instant Motion to Remand ("Motion"), challenging the timeliness of Defendants' removal.  Dkt. 13, Motion ("Mot.").

The Court finds this matter appropriate for resolution without oral argument.  See Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.  For the reasons set forth below, Plaintiffs' Motion is **DENIED**.

///

## II.
## BACKGROUND

On January 12, 2024, Madero Plaintiffs filed a putative Class Action Complaint against defendant MFI in this Court, alleging violations of the Fair Labor Standards Act ("FLSA") and California labor laws.  Complaint, Madero v. McLane Foodservice, Inc., No. EDCV 24-00073-KK-DTB ("Madero I") (C.D. Cal. Jan. 12, 2024), Dkt. 1.  On March 14, 2024, Madero Plaintiffs filed a First Amended Class Action Complaint.  First Amended Complaint, Madero I (C.D. Cal. Mar. 14, 2024), Dkt. 24.

On March 15, 2024, Madero Plaintiffs filed a separate representative action against defendant MFI in the Orange County Superior Court pursuant to the Private Attorneys General Act of 2004 ("PAGA").  Notice of Removal at 21-27, Madero v. McLane Foodservice Inc., No. SACV 24-01013-KK-DTB ("Madero II") (C.D. Cal. May 8, 2024), Dkt. 1.  On May 8, 2024, defendant MFI removed Madero II to federal court.  Id. at 1-19.  On June 18, 2024, the Court issued an order finding it lacked subject-matter jurisdiction over Madero II and remanding the case to the Orange County Superior Court.[1]  Order, Madero II (C.D. Cal. June 18, 2024), Dkt. 19.

On October 17, 2024, the Court granted summary judgment to defendant MFI in Madero I on Madero Plaintiffs' FLSA claim and ordered the parties to show cause why the Court should retain subject matter jurisdiction over Madero Plaintiffs' remaining state law claims.  Order, Madero I (C.D. Cal. Oct. 17, 2024), Dkt. 97.  On February 21, 2025, the Court struck Madero Plaintiffs' class allegations.  Order, Madero I (C.D. Cal. Feb. 21, 2025), Dkt. 120.  On February 26, 2025, the Court dismissed Madero Plaintiffs' remaining claims without prejudice for lack of subject matter jurisdiction.[2]  Order, Madero I (C.D. Cal. Feb. 26, 2025), Dkt. 121.

Two days later, Lyons Plaintiffs filed a putative Class Action Complaint against defendants MFI and McLane Company, Inc. in the Los Angeles County Superior Court, alleging violations of California labor laws (the "Lyons action").[3]  Compl.  On March 6, 2025, Defendants were served with a copy of the summons and Complaint.  App. at 125-32, Ex. 41.

On September 24, 2025, pursuant to the parties' joint stipulation, the Orange County Superior Court ordered Madero II to be transferred to the Los Angeles County Superior Court.  App. at 73-78, Ex. 32.  On January 14, 2026, Madero II was transferred to the Los Angeles County Superior Court.  App. at 83, Ex. 34.

On March 6, 2026, pursuant to the parties' joint stipulation, the Los Angeles County Superior Court ordered Madero II and the Lyons action consolidated for all purposes, designated

---

[1] On January 23, 2025, the Orange County Superior Court stayed Madero II pending the resolution of Madero I.  Dkt. 4-1 at 624-26, Ex. 26; see also App. at 71, Ex. 31 (extending stay).

[2] The Court's orders in Madero I granting partial summary judgment and dismissing the action are currently pending appeal.  See Notice of Appeal, Madero I (C.D. Cal. Feb. 28, 2025), Dkt. 122; Notice of Appeal, Madero I (C.D. Cal. Mar. 14, 2025), Dkt. 125.

[3] On the same day, Madero Plaintiffs attempted to file an amended complaint in Madero II to add their individual claims that this Court dismissed without prejudice in Madero I.  However, their amended complaint was rejected because of the Orange County Superior Court's ongoing stay of Madero II.  See App. at 62.

the latter as the lead case, and granted Plaintiffs leave to file a FAC.  App. at 524-29; id. at 619, Ex. 67.  On the next day, Plaintiffs filed the operative FAC.  FAC.

On May 11, 2026, Defendants removed the consolidated action to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA").  NOR.  With respect to the timeliness of their removal, Defendants contend the FAC "does not . . . plainly allege all elements needed for removal under CAFA, and Plaintiffs have not served some other 'paper' that concedes all elements needed for such removal."  NOR ¶ 51.

On May 27, 2026, Plaintiffs filed the instant Motion, challenging Defendants' removal as untimely.  Mot.  In support of the Motion, Plaintiffs submit a declaration from their counsel.  Dkt. 13-1, Declaration of Adrianna De Castro ("De Castro Decl.").

On June 4, 2026, Defendants filed an Opposition to the Motion.  Dkt. 14, Opposition ("Opp.").  In support of their Opposition, Defendants submit a declaration from their counsel and accompanying exhibits.  Dkts. 14-1 to -3.

On June 9, 2026, Plaintiffs filed a Reply in support of the Motion, accompanied by a declaration from their counsel and accompanying exhibits.  Dkt. 15, Reply; Dkts. 15-1 to -5.

This matter, thus, stands submitted.[4]

### III.
### LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action may be removed from state to federal court if the action is one over which federal courts could exercise original jurisdiction.  CAFA vests federal courts with original diversity jurisdiction over class actions where: (1) there are at least 100 class members; (2) any class member is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5,000,000.  28 U.S.C. § 1332(d)(2), (5)(B).  While "a presumption against federal jurisdiction exists in the usual diversity case, 'no antiremoval presumption attends cases invoking CAFA.'"  Greene v. Harley-Davidson, Inc., 965 F.3d 767, 772 (9th Cir. 2020) (quoting Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 87 (2014)).

To remove a civil action to federal court, a defendant must "file in the district court of the United States for the district and division within which such action is pending a notice of removal." 28 U.S.C. § 1446(a); see also id. § 1453(b) (providing a class action generally "may be removed to a district court of the United States in accordance with section 1446").  A plaintiff may thereafter move to remand the action "on the basis of any defect other than lack of subject matter jurisdiction . . . within 30 days after the filing of the notice of removal."  Id. § 1447(c); see also id. § 1453(c)(1) (providing "[s]ection 1447 shall apply to any removal" of a class action).  However, the case must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  Id. § 1447(c).

---

[4] On June 11, 2026, Defendants' counsel Amy E. Beverlin filed an Application for Leave to Appear Remotely ("Application") at the June 25, 2026 hearing.  Dkt. 16.  In light of the June 25, 2026 hearing being vacated, Dkt. 18, the Application is **DENIED as MOOT**.

**IV.**

**DISCUSSION**

**A.     THE MOTION SHOULD NOT BE DENIED BASED ON LOCAL RULE 7-3**

As an initial matter, the parties dispute whether Plaintiffs complied with Local Rule 7-3 before filing the instant Motion.  Local Rule 7-3 requires a moving party to "first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution."  C.D. Cal. L.R. 7-3.  The purpose of Local Rule 7-3 is to facilitate "a resolution that eliminates the necessity for a hearing," id., thereby "secur[ing] the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1; accord Palm Cmtys. v. Centerline Hous. P'ship I, L.P., No. SACV 22-00296-JVS-JDEx, 2022 WL 17224665, at *2 (C.D. Cal. Aug. 9, 2022) ("The purpose of Rule 7-3 is not merely to provide notice of a pending motion, but to encourage parties to discuss their respective positions and identify any common ground.  This is an essential step to conserve limited judicial resources.").

In their Opposition, Defendants, citing this Court's previous admonishment of Plaintiffs' counsel, allege Plaintiffs "never took any steps to schedule" a conference, accuse Plaintiffs of being "recidivist violators" of Local Rule 7-3, and argue the Motion "should be denied on this basis alone."  Opp. at 9-12.  In their Reply, Plaintiffs deem Defendants' argument a "red herring" and contend they engaged in "extensive, substantive correspondence that satisfied both the letter and spirit" of Local Rule 7-3.  Reply at 5.

The record establishes the following:

On May 11, 2026, Defendants' counsel emailed Plaintiffs' counsel a letter regarding the grounds for Defendants' intended motion to dismiss and/or strike and motion to compel arbitration.  Dkt. 14-2.  In the letter, Defendants' counsel indicated they would "confer with [Plaintiffs' counsel] about [Plaintiffs' intended motion to remand] pursuant to L.R. 7-3 once [Plaintiffs' counsel] initiate[d] such a conferral."  Id. at 2.  "[I]n the interest of conserving the Court's and the parties' resources on initial motion practice," Defendants' counsel also proposed a stipulation to sequence the parties' motions.  Id. at 2-3.

On May 12, 2026, Plaintiffs' counsel sent a letter setting forth the grounds for Plaintiffs' intended motion to remand and requesting Defendants' counsel provide a meet and confer date by May 14, 2026.  De Castro Decl. ¶ 2, Ex. A.  The next day, Plaintiffs' counsel sent a second letter to Defendants' counsel responding to the latter's May 11, 2026 letter and offering to meet and confer.  Dkt. 15-5 at 13-15.

Over the next few days, the parties corresponded over email regarding Defendants' proposed stipulation.  See Dkt. 14-3; Dkt. 15-4.  However, the parties did not further discuss the substance of their intended motions.  With respect to Plaintiffs' intended motion to remand, it does not appear Defendants' counsel either proposed a meet and confer date as requested by Plaintiffs' counsel's May 12, 2026 letter or otherwise responded to the substance of the letter.

As part of the parties' correspondence, on May 16, 2026, Plaintiffs' counsel sent an email proposing edits to the stipulation regarding the requirements of Local Rule 7-3.  Dkt. 14-3 at 2-3.  Specifically, Plaintiffs' counsel took the position that "the requirements of Local Rule 7-[3] have

been satisfied," as "[t]he detailed letters exchanged between the parties, the internal discussions, and the preparation of this comprehensive stipulation all demonstrate that the parties have fully met and conferred regarding their respective motions," and "the [p]arties have all declined to engage in phone calls with respect to the competing meet and confer letters and their [m]otion[s]." Id. at 3; Dkt. 15-4 at 4. Plaintiffs' counsel further offered Defendants' counsel the opportunity to set up a "call [] at any time if [they] still, for whatever reason, do not believe the meet and confer requirement has been satisfied." Dkt. 14-3 at 3; Dkt. 15-4 at 4. In response, Defendants' counsel stated they would "accept [Plaintiffs' counsel's] edits to the stipulation and finalize for filing." Dkt. 14-3 at 2; Dkt. 15-4 at 3.

Thereafter, on May 18, 2026, the parties filed the joint stipulation to sequence their respective motions. Dkt. 6. Among other things, the stipulation stated, "on May 14, 2026, pursuant to Local Rule 7-3, Plaintiffs initiated a meet and confer with Defendants regarding their Motion to Remand this action to State Court." Id. at 2. On May 26, 2026, the Court granted the stipulation, Dkt. 12, and Plaintiffs filed the instant Motion the following day, Mot., along with a declaration from their counsel regarding their meet and confer efforts, De Castro Decl.

Based on this record, the Court finds Plaintiffs' counsel sufficiently complied with Local Rule 7-3 in good faith by (1) "affirmatively reach[ing] out to opposing counsel about [their] impending motion," (2) "thoroughly discuss[ing] the substantive issues raised by the contemplated motion," and (3) "mak[ing] a good faith, fully-informed effort to reach a resolution." Vape Soc'y Supply Corp. v. Zeiadeh, No. SACV 16-01971-AG-DFMx, 2017 WL 2919080, at *2 (C.D. Cal. Feb. 6, 2017). Under the circumstances recounted above, Defendants' counsel were well aware of the grounds underlying Plaintiffs' Motion for over two weeks before it was filed. See De Castro Decl. ¶ 2, Ex. A. While Plaintiffs' counsel requested a meet and confer date, Defendants' counsel did not respond to that request. See id. When Plaintiffs' counsel subsequently offered to meet and confer, see Dkt. 15-3 at 2, Defendants' counsel, whether deliberately or not, declined to do so. Rather, Defendants' counsel affirmatively stipulated that on May 14, 2026 – thirteen days before Plaintiffs filed the instant Motion – "Plaintiffs initiated a meet and confer with Defendants regarding their Motion to Remand this action to State Court." Dkt. 6 at 2. In so stipulating, Defendants' counsel indicated they considered Plaintiffs' counsel's meet and confer efforts sufficient and did not see any additional benefits to further efforts. See id.

Hence, the Court finds Plaintiffs' Motion should not be denied based on a purported violation of Local Rule 7-3.[5] To the extent Defendants' counsel believed further conferral was necessary, they could have either responded to Plaintiffs' counsel's meet and confer requests or declined to stipulate to the very fact that Plaintiffs' counsel had initiated those requests. The Court further notes it is not pleased with Defendants' counsel's unnecessary and ultimately baseless litigation of collateral procedural issues, which treats Local Rule 7-3 as "a piece of petty pedantry put down to trip up lawyers." Lopez v. Wells Fargo Bank, N.A., No. SACV 16-1409-AG-KESx, 2016 WL 6088257, at *2 (C.D. Cal. Oct. 17, 2016). Indeed, Defendants' counsel misrepresents the record by omitting that (1) Plaintiffs' counsel requested a conference in its May 12, 2026 letter, (2) Plaintiffs' counsel followed up with Defendants' counsel about the meet and confer requirement

---

[5] Even assuming a technical violation of Local Rule 7-3, the Court would exercise its discretion to decline denying Plaintiffs' Motion on this basis. See Christian v. Mattel, Inc., 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing.").

while both parties prepared the joint stipulation, and (3) Defendants' counsel expressly stipulated that Plaintiffs' counsel had initiated meet and confer efforts.  See Opp. at 9-12.  Contrary to the purpose of Local Rule 7-3, such meritless arguments and misrepresentation only waste judicial resources and delay the efficient resolution of this case.  Accordingly, the Court reminds all counsel of their obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  The Court further warns counsel that the presentation of false or misleading statements before this Court will result in sanctions.  See Fed. R. Civ. P. 11.

## B.    DEFENDANTS' REMOVAL IS TIMELY

### 1.    Applicable Law

Pursuant to 28 U.S.C. § 1446(b)(1), a defendant must file a notice of removal within 30 days of receiving a complaint or other initial pleading that "'affirmatively reveals on its face' the facts necessary for federal court jurisdiction."  Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 691 (9th Cir. 2005) (quoting Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992)).  However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  A class action "becomes 'removable' . . . when the CAFA ground for removal is disclosed," Jordan v. Nationstar Mortg. LLC, 781 F.3d 1178, 1184 (9th Cir. 2015), "even if an earlier pleading, document, motion, order, or other paper revealed an alternative basis for federal jurisdiction," id. at 1180.

Under 28 U.S.C. § 1446(b)(3), the second 30-day "removal clock does not start until a paper makes a ground for removal 'unequivocally clear and certain.'"  Dietrich v. Boeing Co., 14 F.4th 1089, 1091 (9th Cir. 2021).  "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."  Harris, 425 F.3d at 694.  While a defendant must "apply a reasonable amount of intelligence in ascertaining removability," they "need not make extrapolations or engage in guesswork."  Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136, 1140 (9th Cir. 2013) (citation modified).  Therefore, "even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document."  Roth v. CHA Hollywood Med. Ctr., L.P., 720 F.3d 1121, 1125 (9th Cir. 2013).

If neither 30-day deadline under 28 U.S.C. § 1446(b) applies, a defendant may "remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines."  Id.  In general, removal based on diversity jurisdiction is limited to one year after commencement of the action, unless "the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  28 U.S.C. § 1446(c)(1).  However, this one-year limitation does not apply to class actions removed pursuant to CAFA.  28 U.S.C. § 1453(b).

### 2.    Analysis

Here, neither of the initial complaints in Madero II or the Lyons action disclosed a basis for removal under CAFA.  As a representative action under PAGA, Madero II did not qualify as a class action removable under CAFA.  See Canela v. Costco Wholesale Corp., 971 F.3d 845, 856 (9th Cir.

2020) ("[A] PAGA claim cannot be brought as a 'class action' under CAFA."). While Plaintiffs brought the <u>Lyons</u> action as a class action, an "examination of the four corners" of the complaint did not clearly reveal an amount in controversy greater than $5 million. <u>Harris</u>, 425 F.3d at 694. Rather, the complaint merely stated "the matter in controversy exceeds $25,000." Compl. ¶ 14; <u>see also</u> <u>Carvalho v. Equifax Info. Servs., LLC</u>, 629 F.3d 876, 886 (9th Cir. 2010) (holding a civil cover sheet indicating the "amount demanded exceeds $25,000" did not "affirmatively reveal[] that the aggregate amount in controversy exceeds $5 million" (citation modified)). Therefore, neither complaint triggered the 30-day deadline under 28 U.S.C. § 1446(b)(1).

Moreover, Plaintiffs identify no "amended pleading, motion, order or other paper from which it may [] be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Plaintiffs do not point to any "other paper" in the record before <u>Madero II</u> and the <u>Lyons</u> action were consolidated indicating an "unequivocally clear and certain" amount in controversy exceeding $5 million. <u>Dietrich</u>, 14 F.4th at 1091. Further, like the initial complaint in the <u>Lyons</u> action, the operative FAC is indeterminate on its face as to the amount in controversy. While the FAC also states "the matter in controversy exceeds $25,000," it does not allege an amount in controversy satisfying the CAFA jurisdictional threshold. FAC ¶ 14. Thus, the 30-day removal clock under 28 U.S.C. § 1446(b)(3) never started, and Defendants were permitted "remove outside the two thirty-day periods on the basis of [their] own information." <u>Roth</u>, 720 F.3d at 1125.

Plaintiffs contend Defendants' removal of the action more than a year after the initial complaint in the <u>Lyons</u> action was served is "untimely as a matter of law" because "the removal clock [did] not restart absent a material change revealing removability for the first time." Mot. at 11. This argument is beside the point. As discussed above, neither the initial complaint nor any other paper in the record clearly disclosed a CAFA ground for removal. Indeed, Plaintiffs concede as much by arguing the amount in controversy was ascertainable based on "Defendants' own readily accessible payroll and scheduling data." Reply at 8. However, Defendants' "subjective knowledge" or "further inquiry" into Plaintiffs' claims are not relevant to the 30-day deadlines under 28 U.S.C. § 1446(b).[6] <u>Harris</u>, 425 F.3d at 694.

The Court recognizes Plaintiffs' concerns about Defendants' apparent "gamesmanship" in waiting to seek removal. Mot. at 12. Indeed, the Ninth Circuit has warned of "the theoretical possibility of abusive gamesmanship" resulting from the strategic timing of removal of class actions. <u>Roth</u>, 720 F.3d at 1126. Here, Defendants waited until <u>Madero II</u> and the <u>Lyons</u> action were consolidated before removing this case. In <u>Madero I</u>, after the Court granted defendant MFI summary judgment on <u>Madero</u> Plaintiffs' FLSA claim, defendant MFI opposed this Court's dismissal of <u>Madero</u> Plaintiffs' remaining state law claims without prejudice for lack of subject matter jurisdiction, likely seeking to prevent <u>Madero</u> Plaintiffs from refiling their claims in state court. Response, <u>Madero I</u> (C.D. Cal. Oct. 24, 2024), Dkt. 103; <u>see also</u> Response, <u>Madero I</u> (C.D. Cal. Jan. 7, 2025), Dkt. 108 (requesting dismissal of the state law claims with prejudice). In so doing, defendant MFI argued this Court retained diversity jurisdiction over the state law claims and calculated an amount in controversy of $9,451,165.72. Response at 6, <u>Madero I</u> (C.D. Cal. Oct. 24, 2024), Dkt. 103.

---

[6] In their Reply, Plaintiffs argue for the first time that Defendants' removal is also untimely under the one-year limitation in 28 U.S.C. § 1446(c)(1). Reply at 8 n.1. However, that limitation does not apply to class actions removed pursuant to CAFA. <u>See</u> 28 U.S.C. § 1453(b).

---

After the Court dismissed the remaining claims in <u>Madero I</u>, defendant MFI unsuccessfully sought to remove <u>Madero II</u> to federal court.  <u>See</u> Order, <u>Madero I</u> (C.D. Cal. Feb. 26, 2025), Dkt. 121; Order, <u>Madero II</u> (C.D. Cal. June 18, 2024), Dkt. 19.  Thus, it appeared defendant MFI would be required to defend itself against <u>Madero</u> Plaintiffs' claims in state court.  However, the filing of the <u>Lyons</u> action presented an opportunity for Defendants to litigate Plaintiffs' claims in federal court.  To the extent Defendants recognized the <u>Lyons</u> action involved "the very same claims" and "the same putative class members" as <u>Madero I</u>, they were presumably aware the case was removable pursuant to CAFA when the action was filed, based on defendant MFI's calculation of the amount in controversy of the class action claims in <u>Madero I</u>.  Dkt. 4-2 at 202; <u>see</u> Response at 6, <u>Madero I</u> (C.D. Cal. Oct. 24, 2024), Dkt. 103.  Therefore, by transferring <u>Madero II</u> to the Los Angeles County Superior Court, consolidating the two cases, and removing the consolidated case, Defendants could obtain a federal forum for all of Plaintiffs' claims, including those previously dismissed or remanded by this Court.[7]

Notwithstanding the strategic nature of Defendants' removal of this case, the Court finds the removal is timely.  "[W]hether a defendant can establish that federal jurisdiction exists and the question of when the thirty-day time period begins are not two sides of the same coin."  <u>Kuxhausen</u>, 707 F.3d at 1141 n.3.  Defendants, thus, were permitted but not required to remove this case based on their apparent knowledge of the amount in controversy, absent a clear indication of a CAFA ground for removal in the initial complaint or another paper.  <u>See</u> <u>Dietrich</u>, 14 F.4th at 1094 ("[A] defendant <u>may</u> remove before it <u>must</u> do so.").  With respect to the risk of gamesmanship, Plaintiffs were best positioned "to protect themselves" by "provid[ing] to [] [D]efendant[s] a document from which removability may be ascertained," thereby "trigger[ing] the thirty-day removal period."  <u>Roth</u>, 720 F.3d at 1126.

Accordingly, because Defendants' Notice of Removal was timely, Plaintiffs' Motion is **DENIED**.

## V.
## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand is **DENIED**.

**IT IS SO ORDERED.**

---

[7] The Court lacks original jurisdiction over Plaintiffs' PAGA claim under CAFA.  <u>See</u> <u>Canela</u>, 971 F.3d at 856 ("[A] PAGA claim cannot be brought as a 'class action' under CAFA.").  While Defendants fail to assert any other basis for the Court's jurisdiction over Plaintiffs' PAGA claim, NOR ¶¶ 16-21, the Court presumes Defendants seek to invoke this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.